IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SIDNEY MARTS,

      Petitioner,

v.                          Case No. 4:19cv412-MW/CAS

MARK S. INCH, Secretary,
Florida Department of Corrections,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

On or about August 22, 2019, Petitioner Sidney Marts, a Florida state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.   ECF No. 1.   He subsequently filed an amended § 2241 petition.   ECF No. 5.   On January 14, 2020, Respondent filed a motion to dismiss, with exhibits.   ECF No. 13.   Petitioner has filed a reply.   ECF No. 27.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful consideration of all the issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this matter.   *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.   For the reasons stated herein, the

pleadings and attachments before the Court show that Respondent's motion should be granted and the petition should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases (allowing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Background

Petitioner Marts, currently confined at Gulf Correctional Institution in Wewahitchka, Florida, is serving a sixteen-year prison sentence pursuant to a 2008 conviction in Case No. 2007-CF-6067 from the First Judicial Circuit Court, Escambia County, having been convicted of fraudulent use of personal identification information, uttering a forged instrument, grand theft, and resisting an officer with violence. *See* Marts v. Inch, No. 4:19cv054-RH/CAS, ECF No. 15 at 2 (Report and Recommendation); Marts v. Jones, No. 3:17cv651-LC/CAS, ECF No. 12 at 2 (Report and Recommendation); *see also, e.g.*, Marts v. Fla. Dep't of Corr. Sec'y, 4:16cv783-WS/CAS, ECF No. 1; Marts v. United States, 3:16cv587-MCR/CJK, ECF No. 8 at 1-2 (Report and Recommendation); Marts v. Jones, 3:15cv399-RV/EMT. Marts has filed other § 2241 petitions in this Court. *See* Marts v. Inch, No. 4:19cv228-RH/CAS; Marts v. Inch, No. 4:19cv054-RH/CAS; Marts v. Fla.

<u>Dep't of Corr. Sec'y</u>, No. 4:16cv783-WS/CAS; <u>Marts v. United States of America</u>, No. 3:16cv587-MCR/CJK; <u>Marts v. Jones</u>, No. 3:16cv453-LC/EMT.   He has also previously sought relief pursuant to 28 U.S.C. § 2254.   *See* <u>Marts v. Jones</u>, No. 3:15cv399-RV/EMT; <u>Marts v. Sec'y, Fla. Dep't of Corr.</u>, No. 3:13cv025-MCR/EMT; <u>Marts v. Tucker</u>, No. 3:10cv240-LC/EMT; <u>Marts v. McNeil</u>, No. 3:08cv250-RV/EMT.

In his amended § 2241 petition, Marts indicates he challenges his conviction, sentence, and "community custody; inter-dept. transfers, conditions of confinement."   ECF No. 5 at 2.   He raises two grounds:

(1)  "Florida Constitution Article II Sec. 3; Fla. Stat. 944.279(2); U.S.C. Art. III Sect. 2; U.S.C.A. 14th divest Florida Supreme Court and all state judicial branches of subject matter jurisdiction to order Respondent, Florida Department of Corrections to enforce prison disciplinary sanctions; or enforce procedural bars on criminal pro se litigants whom has not file a civil rights complaint against a conviction that has never been reverse, etc. for purpose of penalties under Fla. Stat. 944.279(1)."  *Id.* at 4; and

(2)  "Unavailability of an adequate state corrective process for invocation of Title 28 U.S.C. § 2254(B)(i)(ii) saving clause relief under 28 U.S.C. § 2241(c)(3)."  *Id.* at 9.

In its motion to dismiss, Respondent asserts Marts previously sought relief in this Court regarding this same conviction and sentence; therefore, this petition is a second or successive petition under 28 U.S.C. § 2244(b).

ECF No. 13 at 3.   Respondent explains that, although Marts here seeks relief in a § 2241 petition, because he is in custody pursuant to a state court conviction, this action is also governed by § 2254.   *Id.* at 1-3. Respondent further explains that Marts has repeatedly submitted to the Eleventh Circuit Court of Appeals applications for leave to file a second or successive § 2254 petition, but the Eleventh Circuit denied those applications.   *Id.* at 4-5; *see id.* Exs. E-N.   Therefore, concludes Respondent, because Marts does not have authorization to file a second or successive habeas petition, this Court does not have jurisdiction.   ECF No. 13 at 6.

In his reply, Marts asserts the motion to dismiss "must be denied" because "no records exist" that show Respondent and the Florida Supreme Court have "not deprived Petitioner of gaintime a liberty created interest under Florida law in violation of due process."   ECF No. 27 at 1.   Marts asserts the "unauthorized disciplinary sanction in case no: SC18-1679 effects his conditions of confinement through gaintime loss" and this "has absolutely no effect on execution of conviction or sentence to trigger authorization from Eleventh Circuit for a second or successive writ."   *Id.*

## Analysis

As explained to Petitioner in his other cases, and as asserted by Respondent, although Marts has labeled his request for habeas relief as arising under 28 U.S.C. § 2241, this action is also governed by 28 U.S.C. § 2254 because he is "in custody pursuant to the judgment of a State court."   28 U.S.C. § 2254(a); *see* Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003) (holding that state prisoner in custody pursuant to state court criminal conviction has single habeas corpus remedy, governed by § 2241 and § 2254, and that "if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254").   *See also* Marts, 4:16cv783, ECF No. 7 at 3; Marts, 3:16cv587, ECF No. 8 at 3; Marts, 3:16cv453, ECF No. 8 at 3 (Report and Recommendation).   As also explained to Petitioner in his other cases, under § 2254, "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court [shall be entertained] only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a); *see* Marts, 4:16cv783 at 3; Marts, 3:16cv587, ECF No. 8 at 3; Marts, 3:16cv453, ECF No. 8 at 3.   And, as previously explained to Petitioner, he has already filed several § 2254

habeas corpus petitions in this Court, challenging this judgment and sentence.    *See* <u>Marts</u>, 3:15cv399, ECF No. 32 (Report and Recommendation detailing previous § 2254 cases filed by Marts).

Thus, to the extent Marts here challenges his judgment and sentence, this Court does not have jurisdiction to consider a second or successive § 2254 petition unless the Eleventh Circuit Court of Appeals has authorized its filing.    *See* 28 U.S.C. § 2244(b)(3); <u>Burton v. Stewart</u>, 549 U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file successive petition).    Nothing indicates Marts has obtained authorization to file a successive habeas petition, and he has previously been advised of this requirement. Petitioner Marts cannot avoid this requirement by labeling his petition as one under § 2241.

Moreover, to the extent Marts challenges the Florida Supreme Court's imposition of sanctions for his frivolous filings, such a challenge lacks merit, as this Court has previously explained.    *See* <u>Marts v. Inch</u>, No. 4:19cv054-RH/CAS, ECF No. 18 at 2 (Order of Dismissal).    "A prisoner may be sanctioned for sufficiently frivolous filings."    *Id.*    A challenge to the

Florida Supreme Court's sanction order is not cognizable under § 2241.

*See id.*; s*ee also id.* at ECF No. 15 (Report and Recommendation); Smith v. Sec'y, Dep't of Corr., No. 17-11330-G, 2017 WL 4457448 at *2 (11th Cir. June 7, 2017) (denying certificate of appealability in § 2254 proceeding and explaining, among other things, "Smith asserted that the Florida Supreme Court abused its discretion when it concluded that his state post-conviction motion was frivolous and forwarded its opinion to the DOC, resulting in disciplinary action.   Section 944.279 provides that a prisoner who brings a frivolous or malicious action is subject to DOC disciplinary procedures. Fla. Stat. § 944.279.   Although he couched his claim in terms of equal protection, there is no cognizable constitutional claim because the Florida Supreme Court's interpretation and application of the Florida Statute is binding on federal courts.").   *See generally* McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.   State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme

cases." (citations omitted)); <u>Branan v. Booth</u>, 861 F.2d 1507, 1508 (11th Cir. 1988) (affirming dismissal of § 2254 petition as it raised only issues of state law: "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" (quoting <u>Willeford v. Estelle</u>, 538 F.2d 1194, 1198 (5th Cir. 1976))).

Finally, to the extent Marts argues the saving clause applies to allow review of his claims, this argument lacks merit. The saving clause applies only in limited circumstances, where federal prisoners do not have an adequate and effective remedy under 28 U.S.C. § 2255. *See* <u>McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.</u>, 851 F.3d 1076 (11th Cir. 2017).

## <u>Conclusion</u>

For the reasons set forth above, Respondent's motion to dismiss (ECF No. 13) should be **GRANTED** and the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 5) be **DISMISSED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 1, 2020.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.